**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **CAPITAL TITLE OF TEXAS, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **CIVIL ACTION NO.** 26-1235 |
| **CITIBANK, N.A.,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

**NOTICE OF REMOVAL**

Defendant Citibank, N.A., ("Defendant" or "Citibank"), pursuant to 28 U.S.C. §§ 1441 and 1446(a), removes this action from the 33rd Judicial District Court of Llano County, Texas to the United States District Court for the Southern District of Texas, Austin Division, and as grounds for removal, respectfully states as follows:

## I. BACKGROUND

1. On January 27, 2026, Capital Title of Texas, LLC ("Plaintiff") filed a third-party petition against Citibank in the action styled *Lone Ranger Capital Investments Reit, LLC v. Capital Title of Texas, LLC, et al.*, No. 22697, in the 33rd Judicial District Court of Llano County, Texas ("Third Party Action"). **Ex. A-1**.

2. The undersigned counsel accepted service on Citibank's behalf. **Ex. A-5**.

3. Plaintiff's suit against Citibank concerns an allegedly improper electronic transfer of funds to a Citibank account. **Ex. 6** at ¶¶ 12–25. Specifically, Plaintiff brought claims against Citibank for violation of Texas's UCC Article 4A, negligence, bailment, money had and received, conversion, unjust enrichment, and declaratory judgment. *See id.*, ¶¶ 18–23. On March 31, 2026,

Citibank filed its Verified Special Appearance, and Subject Thereto, Original Answer and Affirmative Defenses. **Ex. A-8.**

4. Thereafter, the State Court - on agreement of the parties - severed Plaintiff's claims against Citibank, created the State Court Action, and assigned a new cause number. **Ex. A-9**. Plaintiff and Defendant are the only parties in the State Court Action.

5. A complete collection of the documents filed in the State Court Action is attached to this Notice of Removal as **Exhibit A**.

## II. DIVERSITY JURISDICTION EXISTS

6. This is a civil action over which this Court has diversity jurisdiction under 28 U.S.C. § 1332, in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

### A. Complete Diversity Exists

7. Plaintiff is a Texas limited liability company. A limited liability company has the citizenship of each of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). On information and belief, Plaintiff is a citizen of Texas because all of its members are Texas citizens.

8. Citibank is a federally chartered bank with its principal place of business in South Dakota. Citibank is deemed a citizen of its principal place of business and is thus a citizen of South Dakota for diversity purposes and is completely diverse from Plaintiff. *Id.*; 12 U.S.C. § 94.

9. Accordingly, because Plaintiff has Texas citizenship, and Defendant is a citizen of South Dakota, complete diversity of citizenship exists between Plaintiff and Defendant. 28 U.S.C. §§ 1332(c)(1), 1441(b).

**B. The Amount in Controversy Exceeds $75,000.00**

10. Citibank denies Plaintiff is entitled to any relief, monetary or otherwise, based on the allegations in the Original Petition; but for removal purposes, "[t]he jurisdictional facts that support removal" including the amount in controversy, "must be judged at the time of removal." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

11. The amount in controversy exceeds $75,000, exclusive of interest and costs. As indicated by Plaintiff's Petition, Plaintiff seeks damages from Defendant in the amount of $159,876.52. *See* **Ex. A-6**, Prayer for Relief ("Capital Title seeks recovery of: (a) Actual damages in the amount of $159,876.52"). Based on Plaintiff's allegations and request for damages, it is facially apparent that the amount in controversy exceeds $75,000, exclusive of interest and costs. *Guijarro v. Enter. Holdings, Inc.*, 39 F.4th 309, 314 (5th Cir. 2022) ("If the plaintiff's state court petition specifies a dollar amount of damages, that amount controls if made in good faith") (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

12. Plaintiff's factual allegations support a finding that over $75,000.00 is in controversy and that the jurisdictional threshold under 28 U.S.C. § 1332(a) is satisfied. Thus, the State Court Action forms a basis for original subject matter jurisdiction under 28 U.S.C. § 1332 making removal appropriate pursuant to 28 U.S.C. § 1441(a).

13. Accordingly, this case is one over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) and is one that may be removed to this Court pursuant to 28 U.S.C. § 1441(a) and (b) inasmuch as this is a civil action brought in a state court over which this Court has original jurisdiction, in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the parties.

14. Any factual allegations made in this pleading will be supported by affidavit or other summary-judgment-type evidence should the allegations be challenged. *See, e.g.*, *Allen*, 63 F.3d at 1335–36 (facts supporting removal ordinarily should be set out in the removal petition and the Court can later require summary-judgment-type evidence should questions about jurisdiction remain); *accord Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88–89 (2014).

## III. ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

15. As a third-party defendant in the Third Party Action, Citibank lacked removal rights under § 1441(a). *See Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 444 (2019) (holding that third-party counterclaim defendant is not a "defendant" who can remove under § 1441(a)).

16. As previously noted, the State Court severed Plaintiff's claims against Citibank on April 13, 2026, and thereafter created the State Court Action and assigned a new cause number. **Ex. A-9**.

17. Because the court's order granting the parties' agreed motion to sever made Defendant a "defendant" with removal rights under § 1441(a), the severance order constitutes an "order or other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. § 1441(b)(3). Removal is, therefore, timely in that no more than 30 days have elapsed since the court entered its severance order. *See* 28 U.S.C. § 1441(b)(1); *Lewis v. Fed. Nat'l Mortgage Ass'n*, No. 2:20-CV-01228-CLM, 2020 WL 9264805, at *3 (N.D. Ala. Nov. 4, 2020); *see also Williams v. Homeland Ins. Co. of N.Y.*, 18 F.4th 806, 817 (5th Cir. 2021); *Cent. of Ga. Ry. Co. v. Riegel Textile Corp.*, 426 F.2d 935, 938 (5th Cir. 1970).

18. This action may be removed to the United States District Court for the Western District of Texas, Austin Division, because the action is pending in Llano County, Texas, which is within the Austin Division. *See* 28 U.S.C. §§ 124(b)(4), 1446(a).

19. Pursuant to 28 U.S.C. § 1446(d), Citibank will promptly file a copy of this Notice of Removal in the State Court Action and give written notice of the removal of this action to Plaintiff.

## IV. RESERVATION OF RIGHTS

20. In filing this Notice of Removal, Citibank does not waive, and specifically reserves, any and all objections as to service, objections to personal jurisdiction, defenses, rights, and motions.

## V. REMOVAL

21. Defendant therefore removes the State Court Action to this Court and requests that the Court issue any orders necessary to stay proceedings in the State Court Action and assume jurisdiction over this action for all purposes.

Dated: May 11, 2026

Respectfully submitted,

**HOLLAND & KNIGHT LLP**

By: */s/ Stuart J. Glick*
Stuart J. Glick
Texas Bar No. 241096416
Stuart.glick@hklaw.com
787 Seventh Avenue, 31st Floor
New York, NY 10019
(212) 751-3392 Telephone
(212) 385-9010

Brandon L. King
Texas Bar No. 24100613
Brandon.King@hklaw.com
98 San Jacinto Blvd., Suite 1900
Austin, Texas 78701
(512) 469-6126 Telephone
(512) 472-7473 Facsimile

**ATTORNEYS FOR CITIBANK, N.A.**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was provided to all counsel of record in accordance with the Federal Rules of Civil Procedure on May 11, 2026.

*/s/ Brandon L. King*
Brandon L. King

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **CAPITAL TITLE OF TEXAS, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **CIVIL ACTION NO. ___________** |
| **CITIBANK, N.A.,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

**STATE COURT INDEX**

| No. | Date | Description |
|---|---|---|
| 1 | | Docket Sheet |
| 2 | Jan. 27, 2026 | Third-Party Petition |
| 3 | Jan. 27, 2026 | Request for Issuance and Service |
| 4 | Feb. 13, 2026 | Agreed Motion for Continuance of Trial Setting |
| 5 | Feb. 18, 2026 | Waiver of Service of Citation |
| 6 | Feb. 27, 2026 | Amended Third-Party Petition |
| 7 | Mar. 23, 2026 | Agreed Motion to Sever |
| 8 | Mar. 31, 2026 | Verified Special Appearance, Original Answer, and Affirmative Defenses. |
| 9 | April 15, 2026 | Order Granting Agreed Motion to Sever |

# Ex. A-1

## Case Information

### CAPITAL TITLE OF TEXAS, LLC vs. CITIBANK, N.A.

26-150-DCCV-23610

| Location | Case Category | Case Type | Case Filed Date |
|---|---|---|---|
| Llano County - District Clerk | Civil - Other Civil | Other Property | 4/15/2026 |

| Judge | Case Status |
|---|---|
| Allan Garrett | Filed |

## Parties 2

| Type | Name | Nickname/Alias | Attorneys |
|---|---|---|---|
| Plaintiff | CAPITAL TITLE OF TEXAS, LLC | | Young, Deborah |
| Defendant | CITIBANK, N.A. | | King, Brandon |

## Events 9

| Date | Event | Type | Comments | Documents |
|---|---|---|---|---|
| 4/21/2026 | Filing | OTS | (22697) | Order to Sever.pdf |
| 4/21/2026 | Filing | PET | (22697 / 3RD PARTY PETITION) | Petition.pdf |
| 4/21/2026 | Filing | REQ | (22697 / REQUEST FOR ISSUANCE) | Request.pdf |
| 4/21/2026 | Filing | MC | (22697) | Motion for Continuance.pdf |
| 4/21/2026 | Filing | PRW3 | (22697) | Waiver of Service.pdf |
| 4/21/2026 | Filing | AMPET | (22697) | Amended Petition.pdf |
| 4/21/2026 | Filing | M | (22697/AGREED MOTION TO SEVER) | Motion.pdf |
| 4/21/2026 | Filing | ACR | (22697) | Answer/Response.pdf |
| 4/15/2026 | Filing | O | | *No Documents* |



© 2026 Tyler Technologies, Inc. | All Rights Reserved | Version: 2026.1.4.2145

# Ex. A-2

E-Filed for Record
1/27/2026 4:16 PM
Llano County District Clerk , TX
By: Kyla Fearn

**CAUSE NO. 22697**

| | |
|---|---|
| **LOAN RANGER CAPITAL INVESTMENTS REIT, LLC,** | **IN THE DISTRICT COURT** |
| ***Plaintiff*** | |
| **v.** | **33RD JUDICIAL DISTRICT** |
| **CAPITAL TITLE OF TEXAS, LLC, DEAN PORTER AND VICKI A. PORTER,** | |
| ***Defendants*** | **LLANO COUNTY, TEXAS** |

**CAPITAL TITLE OF TEXAS, LLC'S THIRD-PARTY PETITION**

**COMES NOW**, Defendant/Third-Party Plaintiff, Capital Title of Texas, LLC, and files this Third-Party Petition against Citibank, N.A. ("Third-Party Defendant") as follows:

## I. DISCOVERY CONTROL PLAN

1. Capital Title of Texas, LLC intends to conduct discovery under Discovery Level 2.

## II. PARTIES

2. Defendant/Third-Party Plaintiff Capital Title of Texas, LLC ("Capital Title") is a Texas limited liability company that has entered an appearance in this case.

3. Third-Party Defendant Citibank, N.A. ("Citibank") is a subsidiary of Citigroup, Inc., which provides banking services and is authorized to conduct business in the State of Texas, with its principal place of business in Connecticut, may be served by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136. Issuance of citation is requested at this time.

4. Intervenor Arete Estates, LLC ("Arete Estates") is a Texas limited liability company that has entered an appearance in this case and may be served through its counsel of record.



Copy from re:SearchTX

5. Plaintiff Loan Ranger Investments Reit, LLC ("Loan Ranger") is a Texas limited liability company that has entered an appearance in this case and may be served through its counsel of record. Loan Ranger nonsuited all of its claims and no longer has any live claims in the instant proceeding.

6. Defendants Dean Porter and Vicki Porter (the "Porters") are individuals that have entered appearances in this case and may be served through their counsel of record. The Porters were nonsuited by Loan Ranger. No live claims remain against the Porters.

## III. JURISDICTION AND VENUE

7. Venue is proper in Llano County because a substantial portion of the events transpired in Llano County and the property is located in Llano County. Jurisdiction exists in this Court in that the amount of controversy exceeds the minimum jurisdictional limits of this court.

## IV. FACTUAL BACKGROUND

8. Plaintiff Loan Ranger is a private lender that made two loans to Intervenor Arete Estates for the purchase of real property and the construction of a residence. After construction was completed, Arete Estates sold the residence to the Porters.

10. As of March 20, 2024, Arete Estates owed Loan Ranger $494,143.14 on the first lien and $231,961.79 on the second lien, inclusive of interest and fees.

11. Defendant/Third-Party Plaintiff Capital Title was engaged to close the sale of the property to the Porters on or about March 18, 2024. Under the terms of the closing, Loan Ranger's liens were to be paid in full, at which point the liens would be released.

14. Instead, a fraudster intercepted the transaction and transmitted fraudulent wiring instructions to Capital Title. As a result, the payoff funds were wired to the fraudster's account at Citibank. Citibank retained approximately $700,000.00 of those funds, which were never transferred to the fraudster.



Copy from re:SearchTX

15. In March 2024, Citibank was notified that the funds had been misdirected due to attempted fraud and was requested to return the funds to Capital Title. Citibank refused to do so for approximately seventeen months, finally returning the funds in August 2025.

16. During the entire period Citibank retained the funds, Loan Ranger's liens remained unpaid and continued to accrue interest and fees. From the date Citibank was first notified of the fraud until the funds were returned, the liens accrued an additional $159,876.52 in interest and fees. If Citibank had returned the funds when first requested, the additional interest and fees would not have accrued.

17. Capital Title was required to pay the entire amount due to Loan Ranger in order to satisfy the loans. Capital Title now brings this action to recover damages caused by Citibank's wrongful retention of funds.

## V. CAUSES OF ACTION

### A. Money had and Received.

18. To prevail on a claim for money had and received, a Plaintiff must show that Defendant received money, and that the money belonged to Plaintiff in equity and good conscience. *Yowell v. Granite Operating Co.*, 630 S.W.3d 566, 578 (Tex. App.—Amarillo 2021, pet. denied).

19. Here, Citibank received funds that did not belong to it. Those funds belonged to Plaintiff by virtue of being entrusted to Plaintiff for the purpose of paying off debts owed by a party to the underlying transaction.

### B. Conversion

20. To prevail on a claim for conversion, a Plaintiff must show

> (1) the plaintiff owned or had possession of the property or entitlement to possession; (2) the defendant unlawfully and without authorization assumed and exercised control over the property to the exclusion of, or inconsistent with, the



Copy from re:SearchTX

plaintiff's rights as an owner; (3) the plaintiff demanded return of the property; and (4) the defendant refused to return the property.

*Scott Pelley P.C. v. Wynne*, No. 05-15-01560-CV, 2017 WL 3699823, at *11 (Tex. App.—Dallas Aug. 28, 2017, pet. denied).

21. Each element is satisfied here. Plaintiff was entitled to possession of the funds held by Citibank. Citibank unlawfully retained and exercised control over the funds without authorization, depriving Plaintiff of its property rights. Plaintiff demanded return of the funds, and Citibank refused.

**C. Obligation to Repay- Unjust Enrichment**

22. Unjust enrichment occurs when a party wrongfully or passively receives a benefit, that it would be unconscionable to allow the party to retain. *Eun Bok Lee v. Ho Chang Lee*, 411 S.W.3d 95, 111 (Tex. App.—Houston [1st Dist.] 2013, no pet.).

23. Here, Citibank passively received the benefit of holding the funds for 17 months. Citibank had these funds on hand to invest or otherwise use as needed. It would be unjust to allow Citibank to retain any benefit received from their holding of the funds.

## VI. PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Defendant/Third-Party Defendant Capital Title of Texas LLC, prays that, upon a final hearing hereof:

1. Judgment be entered that Plaintiff receive reimbursement from Citibank in the amount of $159,876.52.

2. For all such other and further relief both at law and in equity, general and specific, to which Defendant/Third-Party Plaintiff may show itself justly entitled.



Copy from re:SearchTX

Respectfully submitted,

**THE KELLER FIRM**

*/s/ Deborah Young*

Michael E. Keller
State Bar No. 24087837
Deborah Young
State Bar No. 24116772
5440 Harvest Hill Road
Suite 214
Dallas, Texas 75239
Phone: (214) 775-0817
Email: mike@kellerfirm.com
deborah@kellerfirm.com

**ATTORNEYS FOR DEFENDANT/ THIRD-PARTY PLAINTIFF CAPITAL TITLE OF TEXAS LLC**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing was sent on this 27th day of January 2026 to all parties of record via E-serve.

*/s/ Deborah Young*
Deborah Young



Copy from re:SearchTX

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 110519973
Filing Code Description: Counter Claim/Cross Action/Interpleader/Intervention/Third Party Contest
Filing Description: CAPITAL TITLE OF TEXAS, LLC'S THIRD-PARTY PETITION
Status as of 1/28/2026 10:30 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Michael Keller | | mike@kellerfirm.com | 1/27/2026 4:16:59 PM | SENT |
| J'aime George | | jaime@kellerfirm.com | 1/27/2026 4:16:59 PM | SENT |
| Peter Reid | | pete@petereidlaw.com | 1/27/2026 4:16:59 PM | SENT |
| Joseph Kimball | | jkimball@ctot.com | 1/27/2026 4:16:59 PM | SENT |
| Victoria Feather | | vfeather@ctot.com | 1/27/2026 4:16:59 PM | SENT |
| Susan Piland | | spiland@ctot.com | 1/27/2026 4:16:59 PM | SENT |
| Deborah Young | | deborah@kellerfirm.com | 1/27/2026 4:16:59 PM | SENT |
| Charisse Castagnoli | | ccastagnoli@vilyalaw.com | 1/27/2026 4:16:59 PM | SENT |
| Lisa Bell | | 33coordinator@gmail.com | 1/27/2026 4:16:59 PM | SENT |
| Lauren Valkenaar | | lvalkenaar@valkenaarlaw.com | 1/27/2026 4:16:59 PM | SENT |

Copy from re:SearchTX

# Ex. A-3

E-Filed for Record
1/27/2026 4:16 PM
Llano County District Clerk , TX
By: Kyla Fearn

**Llano County District Clerk**

# REQUEST FOR ISSUANCE and SERVICE

eFile Instructions:

- This document MUST be filed as a separate LEAD document when eFiling.
- Choose filing code "Request for Issuance" and add the type of issuance in the description field.
- Select the type of issuance using the "Optional Services" section on the eFiling screen.
- If Sheriff or Constable to serve, select that in "Optional Services or place under "Copy" section on the eFiling screen.

**Cause No.** 22697 **Document to be served:** Capital Title of Texas LLC's Third-Party Petition

**Style of Case:** *Loan Ranger Capital Investments Reit, LLC v. Capital Title of Texas, LLC, et al*

Please use this form when requesting issuance of the below listed types of issuances through the e-filing system.

*Please use other request forms for: Subpoenas and Order Withholdings*

**Please select the type and quantity of issuance(s) needed**

| Type | Amt | Quantity | Type | Amt | Quantity |
|---|---|---|---|---|---|
| Citation (Personal Service) | $8 | **1** | Writ: Attachment | $8 | |
| Citation by Publication* | $8 | | Writ: Commitment | $8 | |
| Citation by Posting* | $8 | | Writ: Garnishment | $8 | |
| Notice | $8 | | Writ: Possession | $8 | |
| Precept | $8 | | Writ: Sequestration | $8 | |
| Show Cause Notice | $8 | | Writ: Other ____________ | $8 | |
| Temporary Restraining Order | $8 | | Expunction Notices: Petition & Order | $15 | |
| Protective Order Citation | $16 | | Abstract of Judgment | $8 | |

**Note: PUBLICATION COSTS are billed to the person whom requested the publication and must be paid directly to the publication entity.**

Name of party to be served: Citibank, N.A.

Address for Services: Registered Agent, CT Corporation System, 1999 Bryan St, Ste 900, Dallas, Texas 75201

Name of Paper: n/a

Copy from re:SearchTX

********** Check one of the options below for your preferred service method **********

________ Please hold at Clerk's office. I will provide a file-marked copy of the service document and will: Send a self-addressed stamped envelope with sufficient postage to: Llano County District Clerk – 832 Ford Street, Llano, TX 78643 for the return issuance.

________ Forward it to the Clerk (along with the service fee, if needed) for pick-up by Sheriff or Constable.

________ Forward it to the Clerk for pick-up by Private Process Server: ____________________________

________ Forward it to the Clerk for service by Certified Mail (along with the service fee)

________ Please forward to Clerk for certified mail, Sheriff/Constable or Private Process Server – service fee (if needed) paid for through eFiling.

___**X**____ Please eFile back to me (information below).

*Please pay for a copy or copies of the service document if any need to be attached to your requested issuance. Please be sure to add the correct service fee using the "Optional Services" feature when eFiling.*

---

Service Requested By: Deborah Young
Address: 5440 Harvest Hill Rd, Ste 214, Dallas, Texas 75230
Phone Number: 214-775-0817 Email: dyoung@kellerfirm.com; jgeorge@kellerfirm.com

Signature: */s/ Deborah Young*

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 110519973
Filing Code Description: Counter Claim/Cross Action/Interpleader/Intervention/Third Party Contest
Filing Description: CAPITAL TITLE OF TEXAS, LLC'S THIRD-PARTY PETITION
Status as of 1/28/2026 10:30 AM CST

Case Contacts

| **Name** | **BarNumber** | **Email** | **TimestampSubmitted** | **Status** |
|---|---|---|---|---|
| Michael Keller | | mike@kellerfirm.com | 1/27/2026 4:16:59 PM | SENT |
| J'aime George | | jaime@kellerfirm.com | 1/27/2026 4:16:59 PM | SENT |
| Peter Reid | | pete@petereidlaw.com | 1/27/2026 4:16:59 PM | SENT |
| Joseph Kimball | | jkimball@ctot.com | 1/27/2026 4:16:59 PM | SENT |
| Victoria Feather | | vfeather@ctot.com | 1/27/2026 4:16:59 PM | SENT |
| Susan Piland | | spiland@ctot.com | 1/27/2026 4:16:59 PM | SENT |
| Deborah Young | | deborah@kellerfirm.com | 1/27/2026 4:16:59 PM | SENT |
| Charisse Castagnoli | | ccastagnoli@vilyalaw.com | 1/27/2026 4:16:59 PM | SENT |
| Lisa Bell | | 33coordinator@gmail.com | 1/27/2026 4:16:59 PM | SENT |
| Lauren Valkenaar | | lvalkenaar@valkenaarlaw.com | 1/27/2026 4:16:59 PM | SENT |

Copy from re:SearchTX

# Ex. A-4

E-Filed for Record
2/13/2026 2:07 PM
Llano County District Clerk , TX
By: Ashley Inge

**CAUSE NO. 22697**

| | |
|---|---|
| **LOAN RANGER CAPITAL INVESTMENTS REIT, LLC,** | **IN THE DISTRICT COURT** |
| ***Plaintiff*** | |
| **v.** | **33RD JUDICIAL DISTRICT** |
| **CAPITAL TITLE OF TEXAS, LLC, DEAN PORTER AND VICKI A. PORTER,** | |
| ***Defendants*** | **LLANO COUNTY, TEXAS** |

## AGREED MOTION FOR CONTINUANCE OF TRIAL SETTING

**COME NOW**, Defendant Capital Title of Texas, LLC ("Defendant"), and files this Motion for Continuance of Trial Setting, and respectfully shows the Court the following:

Plaintiff Loan Ranger Capital Investments Reit, LLC filed its Original Petition on April 18, 2024. Defendants Dean Porter and Vicki A. Porter filed their Original Answer on May 20, 2024. Defendant Capital Title of Texas, LLC filed its Original Answer and Cross-Claim on May 20, 2024. Intervenor Arete Estates, LLC filed its Plea in Intervention on October 10, 2024. Defendant Capital Title of Texas, LLC filed its Third-Party Petition on January 27, 2026.

All other parties have nonsuited claims. The only remaining claims exist between Defendant/Counter-Plaintiff Capital Title of Texas, LLC and Third-Party Defendant Citibank, N.A. The substance and nature of this case have now fundamentally changed.

Defendant Capital Title of Texas, LLC requests additional time for Third-Party Defendant Citibank, N.A. to enter an appearance, for the parties to conduct discovery, and prepare their respective cases. Accordingly, Defendant requests a continuance of the current trial setting of April 20, 2026, for 180 days, or more, to give the parties adequate time to prepare their respective cases.



Copy from re:SearchTX

This request for postponement and continuance will not unreasonably delay or interfere with other business of the court. Defendant respectfully ask that the Court approve this request. Tex. R. Civ. P. 330(c)-(d). This request is not made for the purpose of delay, but in order that justice may be done and in the interest of judicial economy.

**WHEREFORE, PREMISES CONSIDERED**, Defendant Capital Title of Texas, LLC prays that:

1) this Motion for Continuance be granted, and that the current trial setting be continued for at least 180 days; and
2) the Parties are permitted to enter an Agreed Scheduling Order.

Respectfully submitted,

**THE KELLER FIRM**

*/s/ Deborah Young*
Michael E. Keller
State Bar No. 24087837
Deborah Young
State Bar No. 24116772
THE KELLER FIRM
5440 Harvest Hill Road
Suite 214
Dallas, Texas 75230
Phone: (214) 775-0817
Email: mike@kellerfirm.com
deborah@kellerfirm.com

**ATTORNEYS FOR DEFENDANT/
THIRD-PARTY PLAINTIFF
CAPITAL TITLE OF TEXAS, LLC**



Copy from re:SearchTX

## VERIFICATION

My name is Deborah Young. My date of birth is 1/26/1988, and my address is 5440 Harvest Hill Road, Suite 214, Dallas, Texas 75230. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Denton County, Texas on February 12, 2026.

*/s/ Deborah Young*
Deborah Young

## CERTIFICATE OF CONFERENCE

I, Deborah Young, the undersigned attorney, hereby certify to the Court that opposing counsel was contacted regarding the filing of the Motion for Continuance. Opposing counsel is in agreement with this motion.

Certified to the 12th day of February 2026.

*/s/ Deborah Young*
Deborah Young

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing was sent on this 13th day of February 2026 to all parties of record via E-serve.

*/s/ Deborah Young*
Deborah Young



Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 111244740
Filing Code Description: Motion (No Fee)
Filing Description: Agreed Motion for Continuance of Trial Setting
Status as of 2/18/2026 12:20 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Michael Keller | | mike@kellerfirm.com | 2/13/2026 2:07:29 PM | SENT |
| J'aime George | | jaime@kellerfirm.com | 2/13/2026 2:07:29 PM | SENT |
| Peter Reid | | pete@petereidlaw.com | 2/13/2026 2:07:29 PM | SENT |
| Joseph Kimball | | jkimball@ctot.com | 2/13/2026 2:07:29 PM | SENT |
| Victoria Feather | | vfeather@ctot.com | 2/13/2026 2:07:29 PM | SENT |
| Susan Piland | | spiland@ctot.com | 2/13/2026 2:07:29 PM | SENT |
| Deborah Young | | deborah@kellerfirm.com | 2/13/2026 2:07:29 PM | SENT |
| Charisse Castagnoli | | ccastagnoli@vilyalaw.com | 2/13/2026 2:07:29 PM | SENT |
| Lisa Bell | | 33coordinator@gmail.com | 2/13/2026 2:07:29 PM | SENT |
| Lauren Valkenaar | | lvalkenaar@valkenaarlaw.com | 2/13/2026 2:07:29 PM | SENT |
| Brandon King | | brandon.king@hklaw.com | 2/13/2026 2:07:29 PM | SENT |

Copy from re:SearchTX

# Ex. A-5

E-Filed for Record
2/19/2026 10:16 AM
Llano County District Clerk , TX
By: Desirae Markert

CAUSE NO. 22697

| | | |
|---|---|---|
| **LOAN RANGER CAPITAL INVESTMENTS REIT, LLC,** | | **IN THE DISTRICT COURT** |
| ***Plaintiff*** | | |
| **v.** | | **33RD JUDICIAL DISTRICT** |
| **CAPITAL TITLE OF TEXAS, LLC, DEAN PORTER AND VICKI A. PORTER,** | | |
| ***Defendants*** | | **LLANO COUNTY, TEXAS** |

## WAIVER OF SERVICE OF CITATION

STATE OF TEXAS §
§
COUNTY OF TRAVIS §

BEFORE ME, the undersigned authority, personally appeared Brandon King, who, being duly sworn, made the following statements and swore that they were true:

1. "I, Brandon King, am the attorney for Third-Party Defendant Citibank, N.A. ("Citibank") in this cause. My mailing address is Holland & Knight LLP, 98 San Jacinto Boulevard, Suite 1900, Austin, Texas 78701, and my telephone number is (512) 469-6126.

2. "I acknowledge that I have accepted service of the Citation and a copy of the Capital Title of Texas, LLC's Third-Party Petition filed in the above-referenced action on behalf of Capital Title of Texas, LLC.

3. "I have read and understand Capital Title of Texas, LLC's Third-Party Petition.

4. "I understand that the Texas Rules of Civil Procedure require, in most instances, that a party or defendant be served with citation. Citibank has instructed me to accept service on its behalf, and I waive the service of citation. I enter my appearance in this case as attorney of record for Citibank."



Copy from re:SearchTX

Brandon L. King
State Bar No. 24100613
HOLLAND & KNIGHT LLP
98 San Jacinto Blvd, Suite 1900
Austin, Texas 78701
Phone: (512) 469-6126
Email: brandon.king@hklaw.com

**ATTORNEY FOR CITIBANK, N.A.**

SUBSCRIBED AND SWORN TO BEFORE ME by Brandon King on the 19th day of February 2026.

TAMARA D HERRINGTON
Notary Public, State of Texas
Comm. Expires 09-20-2029
Notary ID 125381638

NOTARY PUBLIC for the State of Texas



Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Elisabeth Villarreal on behalf of Brandon King
Bar No. 24100613
Elisabeth.Villarreal@hklaw.com
Envelope ID: 111448968
Filing Code Description: No Fee Documents
Filing Description: WAIVER OF SERVICE OF CITATION
Status as of 2/24/2026 8:11 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Michael Keller | | mike@kellerfirm.com | 2/19/2026 10:16:40 AM | SENT |
| J'aime George | | jaime@kellerfirm.com | 2/19/2026 10:16:40 AM | SENT |
| Peter Reid | | pete@petereidlaw.com | 2/19/2026 10:16:40 AM | SENT |
| Joseph Kimball | | jkimball@ctot.com | 2/19/2026 10:16:40 AM | SENT |
| Victoria Feather | | vfeather@ctot.com | 2/19/2026 10:16:40 AM | SENT |
| Susan Piland | | spiland@ctot.com | 2/19/2026 10:16:40 AM | SENT |
| Deborah Young | | deborah@kellerfirm.com | 2/19/2026 10:16:40 AM | SENT |
| Charisse Castagnoli | | ccastagnoli@vilyalaw.com | 2/19/2026 10:16:40 AM | SENT |
| Lisa Bell | | 33coordinator@gmail.com | 2/19/2026 10:16:40 AM | SENT |
| Lauren Valkenaar | | lvalkenaar@valkenaarlaw.com | 2/19/2026 10:16:40 AM | SENT |
| Brandon King | | brandon.king@hklaw.com | 2/19/2026 10:16:40 AM | SENT |

Copy from re:SearchTX

# Ex. A-6

E-Filed for Record
2/27/2026 5:30 PM
Llano County District Clerk , TX
By: Kyla Fearn

**CAUSE NO. 22697**

| | |
|---|---|
| **LOAN RANGER CAPITAL INVESTMENTS REIT, LLC,** | **IN THE DISTRICT COURT** |
| ***Plaintiff*** | |
| **v.** | **33RD JUDICIAL DISTRICT** |
| **CAPITAL TITLE OF TEXAS, LLC, DEAN PORTER AND VICKI A. PORTER,** | |
| ***Defendants*** | **LLANO COUNTY, TEXAS** |

**CAPITAL TITLE OF TEXAS, LLC'S AMENDED THIRD-PARTY PETITION**

**COMES NOW**, Defendant/Third-Party Plaintiff, Capital Title of Texas, LLC, and files this Amended Third-Party Petition against Citibank, N.A. ("Third-Party Defendant") as follows:

## I. DISCOVERY CONTROL PLAN

1. Capital Title of Texas, LLC intends to conduct discovery under Discovery Level 2.

## II. PARTIES

2. Defendant/Third-Party Plaintiff Capital Title of Texas, LLC ("Capital Title") is a Texas limited liability company that has entered an appearance in this case.

3. Third-Party Defendant Citibank, N.A. ("Citibank") is a subsidiary of Citigroup, Inc., which provides banking services and is authorized to conduct business in the State of Texas, that has entered an appearance in this case and may be served through its counsel of record.

4. Intervenor Arete Estates, LLC ("Arete Estates") is a Texas limited liability company that has entered an appearance in this case and may be served through its counsel of record.

5. Plaintiff Loan Ranger Investments Reit, LLC ("Loan Ranger") is a Texas limited liability company that has entered an appearance in this case and may be served through its



Copy from re:SearchTX

counsel of record. Loan Ranger nonsuited all of its claims and no longer has any live claims in the instant proceeding.

6. Defendants Dean Porter and Vicki Porter (the “Porters”) are individuals that have entered appearances in this case and may be served through their counsel of record. The Porters were nonsuited by Loan Ranger. No live claims remain against the Porters.

## III. JURISDICTION AND VENUE

7. Venue is proper in Llano County because a substantial portion of the events transpired in Llano County and the property is located in Llano County. Jurisdiction exists in this Court in that the amount of controversy exceeds the minimum jurisdictional limits of this court.

## IV. FACTUAL BACKGROUND

8. Loan Ranger made two loans to Arete Estates for the purchase of real property and the construction of a residence.

9. As of March 20, 2024, Arete Estates owed Loan Ranger $494,143.14 on the first lien and $231,961.79 on the second lien, inclusive of interest and fees.

10. Capital Title was engaged to close the sale of the property to the Porters in March 2024. Under the terms of the closing, Loan Ranger’s liens were to be paid in full.

11. Capital Title initiated a funds transfer for the purpose of paying off Loan Ranger’s liens.

12. A fraudster intercepted the transaction and transmitted fraudulent wiring instructions to Capital Title.

13. As a result, the payoff funds were wired to an account at Citibank identified in the fraudulent instructions.

14. Citibank received approximately $700,000.00 of identifiable funds as the beneficiary’s bank in the funds transfer. The funds were not disbursed to the fraudster and remained at Citibank.



Copy from re:SearchTX

15. In March 2024, Capital Title discovered the fraud and promptly notified Citibank that the funds had been misdirected due to fraud. Capital Title demanded immediate return of the funds.

16. Capital Title informed Citibank that the funds were intended to satisfy outstanding lien indebtedness and that failure to timely return the funds would result in continued accrual of contractual interest and fees.

17. Citibank acknowledged receipt of the funds and retained approximately $700,000.00. No competing claimant asserted any right to the retained funds.

18. At all relevant times after notice of the fraud, Citibank had no ownership interest in the funds and no lawful claim to retain them.

19. Citibank did not interplead the funds, did not identify any legal restraint preventing return of the funds, and did not provide a lawful basis for retaining them.

20. Any reasonable investigation into the misdirected transfer could have been completed within a commercially reasonable time. Nevertheless, Citibank retained the funds for approximately seventeen months.

21. Citibank finally returned the funds in August 2025.

22. During the period Citibank retained the funds, Loan Ranger's liens remained unpaid and continued to accrue contractual interest and fees.

23. From the date Citibank was first notified of the fraud until the funds were returned, the liens accrued an additional $159,876.52 in interest and fees.

24. If Citibank had returned the funds within a commercially reasonable time after notice of the fraud, the additional interest and fees would not have accrued.

25. Capital Title was required to pay the full amount due to Loan Ranger in order to satisfy the liens.



Copy from re:SearchTX

26. Capital Title now seeks to recover damages proximately caused by Citibank's unreasonable and wrongful retention of the funds.

## V. CAUSES OF ACTION

### A. Violation of Texas UCC Article 4A

(Tex. Bus. & Com. Code Chapter 4A)

27. The funds transfer at issue is governed by Chapter 4A of the Texas Business and Commerce Code.

28. Citibank was the beneficiary's bank and received payment of a funds transfer that was the product of fraud and misdirection.

29. Upon receiving notice that the transfer was fraudulent and misdirected, Citibank had duties under Chapter 4A and commercially reasonable banking standards concerning the handling and refund of funds not properly payable.

30. Citibank failed to return the funds within a commercially reasonable time after notice.

31. Citibank's unreasonable retention of the funds violated its duties under Chapter 4A.

32. As a direct and proximate result of Citibank's conduct, Capital Title incurred $159,876.52 in additional interest and fees.

### B. Negligence

33. Citibank owed a duty to exercise ordinary care in handling funds received through its banking system.

34. Upon notice of fraud, Citibank had a duty to act reasonably and not unreasonably withhold funds to which it had no lawful claim.

35. Citibank breached its duty by retaining the funds for approximately seventeen months after notice and demand.



Copy from re:SearchTX

36. Citibank's conduct fell below commercially reasonable banking standards.

37. Citibank's breach proximately caused Capital Title to incur $159,876.52 in additional interest and fees.

**C. Conversion (Pled in the Alternative)**

38. Capital Title was entitled to immediate possession of the specific, identifiable funds retained by Citibank.

39. After notice and demand, Citibank exercised dominion and control over the funds in a manner inconsistent with Capital Title's rights.

40. Citibank refused to return the funds.

41. Citibank's wrongful detention proximately caused the accrual of $159,876.52 in additional interest and fees.

**D. Bailment (Pled in the Alternative)**

42. Upon retaining the identifiable funds after notice of fraud, Citibank became a bailee of property belonging to Capital Title.

43. Capital Title demanded return of the funds.

44. Citibank failed to return the funds within a reasonable time.

45. Citibank's failure to return the funds constituted a breach of its duties as bailee.

46. Capital Title suffered damages in the amount of $159,876.52 as a result.

**E. Money Had and Received (Pled in the Alternative)**

47. Citibank received funds that in equity and good conscience belonged to Capital Title.

48. It would be inequitable for Citibank to avoid responsibility for damages caused by its prolonged retention of the funds.



Copy from re:SearchTX

**F. Unjust Enrichment (Pled in the Alternative)**

49. Citibank retained possession and control of funds belonging to Capital Title for approximately seventeen months.

50. It would be unjust to allow Citibank to retain the benefit of that possession without compensating Capital Title for the damages caused by its conduct.

**G. Declaratory Judgment**

(Tex. Civ. Prac. & Rem. Code Chapter 37)

51. An actual controversy exists between Capital Title and Citibank concerning their respective rights and duties arising from the misdirected funds transfer and Citibank's retention of the funds.

52. Capital Title seeks a declaration that:

a. The funds transfer is governed by Chapter 4A of the Texas Business and Commerce Code;

b. Upon notice of fraud and demand for return, Citibank had a duty to act in a commercially reasonable manner with respect to the retained funds;

c. Citibank did not have a lawful basis to retain the funds for approximately seventeen months after notice; and

d. Capital Title was entitled to return of the funds within a commercially reasonable time after notice.

53. These declarations will resolve uncertainty concerning the parties' rights and obligations.

54. Pursuant to Chapter 37, Capital Title seeks recovery of reasonable and necessary attorney's fees that are equitable and just.



Copy from re:SearchTX

## VI. DAMAGES AND PRAYER FOR RELIEF

55. As a direct and proximate result of Citibank's conduct, Capital Title incurred additional contractual interest and fees in the amount of $159,876.52.

56. Capital Title seeks recovery of:

a. Actual damages in the amount of $159,876.52;

b. Prejudgment interest as allowed by law;

c. Post-judgment interest;

d. Reasonable and necessary attorney's fees under Chapter 37 of the Texas Civil Practice and Remedies Code, as are equitable and just;

e. Costs of court; and

f. All other relief, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

**THE KELLER FIRM**

*/s/ Deborah Young*
Michael E. Keller
State Bar No. 24087837
Deborah Young
State Bar No. 24116772
5440 Harvest Hill Road
Suite 214
Dallas, Texas 75239
Phone: (214) 775-0817
Email: mike@kellerfirm.com
deborah@kellerfirm.com

**ATTORNEYS FOR DEFENDANT/ THIRD-PARTY PLAINTIFF CAPITAL TITLE OF TEXAS LLC**



Copy from re:SearchTX

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing was sent on this 27th day of February 2026 to all parties of record via E-serve.

*/s/ Deborah Young*
Deborah Young



Copy from re:SearchTX

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 111837618
Filing Code Description: Amended Filing
Filing Description: CAPITAL TITLE OF TEXAS, LLC'S AMENDED THIRD-PARTY PETITION
Status as of 3/3/2026 2:43 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Peter Reid | | pete@petereidlaw.com | 2/27/2026 5:30:49 PM | SENT |
| Joseph Kimball | | jkimball@ctot.com | 2/27/2026 5:30:49 PM | SENT |
| Victoria Feather | | vfeather@ctot.com | 2/27/2026 5:30:49 PM | SENT |
| Susan Piland | | spiland@ctot.com | 2/27/2026 5:30:49 PM | SENT |
| Charisse Castagnoli | | ccastagnoli@vilyalaw.com | 2/27/2026 5:30:49 PM | SENT |
| Lisa Bell | | 33coordinator@gmail.com | 2/27/2026 5:30:49 PM | SENT |
| Lauren Valkenaar | | lvalkenaar@valkenaarlaw.com | 2/27/2026 5:30:49 PM | SENT |
| Brandon King | | brandon.king@hklaw.com | 2/27/2026 5:30:49 PM | SENT |
| Michael Keller | | mike@kellerfirm.com | 2/27/2026 5:30:49 PM | SENT |
| J'aime George | | jaime@kellerfirm.com | 2/27/2026 5:30:49 PM | SENT |
| Deborah Young | | deborah@kellerfirm.com | 2/27/2026 5:30:49 PM | SENT |

Copy from re:SearchTX

# Ex. A-7

E-Filed for Record
3/23/2026 11:37 AM
Llano County District Clerk , TX
By: Ashley Inge

**CAUSE NO. 22697**

| | | |
|---|---|---|
| **LOAN RANGER CAPITAL INVESTMENTS REIT, LLC,** | § | **IN THE DISTRICT COURT OF** |
| ***Plaintiff*,** | § | |
| **v.** | § | **LLANO COUNTY, TEXAS** |
| **CAPITAL TITLE OF TEXAS, LLC, DEAN PORTER AND VICKI A. PORTER,** | § | |
| ***Defendants*.** | § | **33rd JUDICIAL DISTRICT** |

---

## CITIBANK N.A. AND CAPITAL TITLE OF TEXAS, LLC'S AGREED MOTION TO SEVER

---

Third-Party Plaintiff Capital Title of Texas, LLC ("Capital Title") and Third-Party Defendant Citibank N.A. ("Citibank") file this agreed motion to sever all of Capital Title's claims and causes of action against Citibank in this case into a separate proceeding.

On April 18, 2024, Loan Ranger Capital Investments Reit, LLC ("Lone Ranger") initiated this action against Capital Title and others (the "Original Action"). On February 27, 2026, Capital Title served Citibank with its Amended Third-Party Petition, asserting claims for violation of Texas UCC Article 4A, negligence, conversion, bailment, money had and received, unjust enrichment, and for declaratory judgment.

Capital Title and Citibank now agree that all Capital Title's claims and causes of action against Citibank should be severed from the Original Action into a separate proceeding. A court may sever part of a case before the case is submitted to the trier of fact. *See* Tex. R. Civ. P. 41. No part of the Original Action has been submitted to the trier of fact. Moreover, granting this motion to sever will avoid confusion and prejudice and be more efficient for the Court and the parties.

Copy from re:SearchTX

As such, Capital Title and Citibank respectfully request that the Court grant this agreed motion to sever and order the clerk to assign a new cause number to the new, severed case.

Respectfully submitted,

**HOLLAND & KNIGHT LLP**

By: */s/ Brandon L. King*
Brandon L. King
Texas Bar No. 24100613
brandon.king@hklaw.com
98 San Jacinto Boulevard,
Suite 1900
Austin, Texas 78701
(512) 469-6126

**ATTORNEYS FOR CITIBANK N.A.**

**THE KELLER FIRM**

By: */s/ Deborah Young (with permission)*
Michael E. Keller
Texas Bar No. 24087837
Deborah Young
Texas Bar No. 24116772
5440 Harvest Hill Road, Suite 214
Dallas, Texas 75239
(214) 755-0817
mike@kellerfirm.com
deborah@kellerfirm.com

**ATTORNEYS FOR CAPITAL TITLE OF TEXAS LLC**

Copy from re:SearchTX

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing document has been served pursuant to the Texas Rules of Civil Procedure upon all counsel of record this 23rd day of March, 2026.

*/s/ Brandon L. King*
Brandon L. King

Copy from re:SearchTX

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Elisabeth Villarreal on behalf of Brandon King
Bar No. 24100613
Elisabeth.Villarreal@hklaw.com
Envelope ID: 112733197
Filing Code Description: Motion (No Fee)
Filing Description: Agreed Motion to Sever
Status as of 3/24/2026 3:29 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Michael Keller | | mike@kellerfirm.com | 3/23/2026 11:37:30 AM | SENT |
| J'aime George | | jaime@kellerfirm.com | 3/23/2026 11:37:30 AM | SENT |
| Peter Reid | | pete@petereidlaw.com | 3/23/2026 11:37:30 AM | SENT |
| Joseph Kimball | | jkimball@ctot.com | 3/23/2026 11:37:30 AM | SENT |
| Victoria Feather | | vfeather@ctot.com | 3/23/2026 11:37:30 AM | SENT |
| Susan Piland | | spiland@ctot.com | 3/23/2026 11:37:30 AM | SENT |
| Deborah Young | | deborah@kellerfirm.com | 3/23/2026 11:37:30 AM | SENT |
| Charisse Castagnoli | | ccastagnoli@vilyalaw.com | 3/23/2026 11:37:30 AM | SENT |
| Lisa Bell | | 33coordinator@gmail.com | 3/23/2026 11:37:30 AM | SENT |
| Lauren Valkenaar | | lvalkenaar@valkenaarlaw.com | 3/23/2026 11:37:30 AM | SENT |
| Brandon King | | brandon.king@hklaw.com | 3/23/2026 11:37:30 AM | SENT |

Copy from re:SearchTX

# Ex. A-8

E-Filed for Record
3/31/2026 7:58 PM
Llano County District Clerk , TX
By: Jessica Hays

**CAUSE NO. 22697**

| | | |
|---|---|---|
| **LOAN RANGER CAPITAL INVESTMENTS REIT, LLC,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff*, | § | |
| **v.** | § | **LLANO COUNTY, TEXAS** |
| **CAPITAL TITLE OF TEXAS, LLC, DEAN PORTER AND VICKI A. PORTER,** | § | |
| *Defendants*. | § | **33rd JUDICIAL DISTRICT** |

**CITIBANK N.A.'S VERIFIED SPECIAL APPEARANCE, AND SUBJECT THERETO, ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES,**

Third-Party Defendant Citibank N.A. ("**Citibank**"), files this Verified Special Appearance ("**Special Appearance**") pursuant to Texas Rule of Civil Procedure 120a and moves this Court to dismiss all claims asserted against it by Capital Title of Texas, LLC's ("**Capital Title**") Third Party Amended Petition ("**Petition**") for lack of personal jurisdiction. This Special Appearance is made to the entirety of Plaintiff's claims against Citibank and is filed before any plea, pleading, or motion filed by Citibank in this lawsuit. In support thereof, Citibank states the following:

**SPECIAL APPEARANCE**

Texas Rule of Civil Procedure 120a allows a party to appear specially, without making a general appearance, to object to the Court's exercise of personal jurisdiction. Tex. R. Civ. P. 120a. A special appearance's purpose is to establish that a Texas court cannot—consistent with the U.S. and Texas constitutions and applicable Texas statutes—validly obtain jurisdiction over the defendant's person or property. *GFTA Trendanalysen B.G.A. Herrdum GMBH & Co., K.G. v. Varme*, 991 S.W.2d 785, 786 (Tex. 1999).



Copy from re:SearchTX

**A. <u>Personal Jurisdiction Standard</u>**

Texas courts may exercise personal jurisdiction over a nonresident defendant only if "(1) the Texas long-arm statute authorizes the exercise of jurisdiction, and (2) the exercise of jurisdiction is consistent with federal and state constitutional due-process guarantees." *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 574 (Tex. 2007). Asserting personal jurisdiction over a nonresident defendant comports with due process when (1) the nonresident defendant has minimum contacts with the forum state; and (2) asserting jurisdiction comports with traditional notions of fair play and substantial justice. *Retamco Operating, Inc. v. Republic Drilling Co.*, 278 S.W.3d 333, 338 (Tex. 2009).

The plaintiff and the defendant bear shifting burdens of proof in a challenge to personal jurisdiction: the plaintiff bears the initial burden to plead sufficient allegations to bring the nonresident defendant within the reach of Texas's long-arm statute; once the plaintiff has pleaded sufficient jurisdictional allegations, the defendant filing a special appearance bears the burden to negate all bases of personal jurisdiction alleged by the plaintiff, and because the plaintiff defines the scope and nature of the lawsuit, the defendant's corresponding burden to negate jurisdiction is tied to the allegations in the plaintiff's pleading. *Kelly v. Gen. Interior Const., Inc.*, 301 S.W.3d 653 (Tex. 2010).

**B. <u>There Is No General Jurisdiction Because Plaintiff Does Not Allege Facts Sufficient to Demonstrate that Citibank is "at home" in Texas.</u>**

General jurisdiction exists when the defendant has made continuous and systematic contacts, such that the forum may exercise jurisdiction over the defendant even if the alleged liability does not arise from or relate to those contacts. *BMC Software*, 83 S.W.3d at 795. Under this standard, a defendant's affiliations with the forum state must be so continuous and systematic as to render that defendant essentially "at home" in the forum state. *See Daimler AG v. Bauman*,



Copy from re:SearchTX

571 U.S. 117, 137 (2014). A court may exercise general jurisdiction over a defendant company if the company was organized under the law of the forum state or has its principal place of business there. *Ascentium Capital LLC v. Hi-Tech the School of Cosmetology Corp.*, 558 S.W.3d 824, 828 (Tex. App.—Houston [14th Dist.] 2018).

Capital Title's Petition contains no allegations that Citibank is "at home" in Texas. Instead, Capital Title alleges only that Citibank "provides banking services and is authorized to conduct business in the State of Texas." That is insufficient, especially considering that Citibank is headquartered in Sioux Falls, South Dakota and has no branches in Texas. Capital Title's Petition thus fails to allege that Citibank is subject to general jurisdiction in Texas.

**C. <u>There is No Specific Jurisdiction Because (1) Citibank Lacks Minimum Contacts and (2) the Conduct at Issue was Initiated by Capital Title, not Citibank.</u>**

This Court also lacks specific jurisdiction over Citibank. Specific jurisdiction exists when (1) the defendant purposefully avails itself of conducting activities in the forum state, and (2) the cause of action arises out of or relates to specific purposeful activities of the defendant in Texas. *Moncrief*, 414 S.W.3d at 150. To resolve the first prong of the specific-jurisdiction analysis, courts consider: (1) the defendant's actions, but not the unilateral activity of another party; (2) whether the defendant's actions were purposeful rather than "random, fortuitous, or attenuated;" and (3) whether the defendant sought "some benefit, advantage, or profit by availing itself of Texas's jurisdiction." *State v. Volkswagen Aktiengesellschaft*, 669 S.W.3d 399, 413–14 (Tex. 2023) (cleaned up).

Applying these standards here, specific jurisdiction is lacking due to Capital Title's failure to identify facts that would give rise to specific jurisdiction. Again, Capital Title merely alleges that Citibank "provides banking services and is authorized to conduct business in the State of Texas, that has entered an appearance in this case and may be served through its counsel of record."



Copy from re:SearchTX

Petition at 1. As a threshold matter, Citibank's waiver of service is not a "plea, pleading, or motion" contemplated by Rule 120a, and thus does not waive any challenge to jurisdiction. *See generally Exito Elecs. Co., Ltd. v. Trejo*, 142 S.W.3d 302, 305 (Tex. 2004).

Moreover, Capital Title's Petition does not allege (1) that Citibank purposefully availed itself of conducting any activities in Texas, (2) or that Capital Title's causes of action against Citibank arose from specific purposeful activities of Citibank in Texas. *See Moncrief*, 414 S.W.3d at 150. Put bluntly, Capital Title does not allege that Citibank undertook ***any*** specific activity directed to Texas.

To be sure, there is no specific jurisdiction because Citibank's involvement "was dictated by plaintiff's unilateral choice." *Riverside Exports, Inc. v. B.R. Crane & Equip., LLC*, 362 S.W.3d 649, 653 (Tex. App.—Houston [14th Dist.] 2011, pet. denied). Specific jurisdiction is lacking under these circumstances. *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 785 (Tex. 2005) ("First, it is only the defendant's contacts with the forum that count: purposeful availment ensures that a defendant will not be haled into a jurisdiction solely as a result of the unilateral activity of another party or a third person.") (cleaned up); *Riverside Exports, Inc.*, 362 S.W.3d at 653; *CIBanco, S.A., Institucion de Banca Multiple v. Quezada*, 656 S.W.3d 749, 763 (Tex. App.—El Paso 2022, no pet.). Indeed, the thrust of Capital Title's allegations are that ***Capital Title*** wired funds to Citibank, which Capital Title alleges should have been returned. Under Texas precedent, there is no basis for personal jurisdiction over Citibank, and Federal law is in accord. *Monkton Ins. Services, Ltd. v. Ritter*, 768 F.3d 429, 433–34 (5th Cir. 2014) (holding that wire transfers requested by a plaintiff cannot supply a basis for specific jurisdiction).



Copy from re:SearchTX

### D. Exercising Jurisdiction Would Offend Traditional Notions of Fair Play and Substantial Justice.

Exercising personal jurisdiction over Citibank would offend traditional notions of fair play and substantial justice for the reasons set forth above. *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945); *Guardian Royal Exchange Assurance Co. v. English China Clays*, 815 S.W.2d 223 (Tex. 1991). Again, Citibank has no branches in Texas and the burden of subjecting Citibank to litigation in this forum is substantial. Because Capital Title cannot establish that Citibank has minimum contacts with Texas, Citibank is not subject to personal jurisdiction and should be dismissed from this lawsuit. All further pleadings in this instrument are expressly made subject to and without waiving this special appearance.

## I. GENERAL DENIAL

1. Subject to its Special Appearance, Citibank denies each and every material allegation contained in the Petition and demands that Capital Title be required to prove its charges and allegations against Citibank as required by the Constitution and the laws of the State of Texas.

## II. AFFIRMATIVE DEFENSES

2. Capital Title's claims fail, in whole or in part, to state a claim upon which relief can be granted.

3. Capital Title's claims are barred, in whole or in part, by estoppel, including but not limited to, equitable estoppel, promissory estoppel, and/or quasi estoppel.

4. Capital Title's claims are barred, in whole or in part, by Capital Title's prior material breach.

5. Capital Title's claims are barred, in whole or part, by accord and satisfaction.

6. Capital Title's claims are barred, in whole or in part, because Citibank's conduct was reasonable and/or justified.



Copy from re:SearchTX

7. Capital Title's claims are barred, in whole or in part, by Capital Title's failure to mitigate its damages.

8. Capital Title's claims are barred, in whole or in part, by entitlement to an offset.

9. Capital Title's claims are barred, in whole or in part, by unclean hands.

10. Capital Title's claims are barred, in whole or in part, by waiver.

11. Capital Title's claims are barred, in whole or in part, by the economic-loss doctrine.

12. Capital Title's claims are barred, in whole or part, by the relevant statute of limitations.

13. Capital Title's claims are barred, in whole or in part, because Capital Title's alleged damages are speculative and conjectural and are not capable of calculation with a reasonable degree of certainty.

14. Capital Title's claims are barred, in whole or in part, by election of remedies.

15. Capital Title's claims for attorneys' fees, expenses, and costs are barred because the amount sought is neither reasonable, nor necessarily incurred.

16. To the extent Capital Title is somehow entitled to recover damages, such damages should be barred or reduced by the doctrines of comparative fault and proportionate responsibility, including, but not limited to, the provisions of Chapter 33 of the Texas Civil Practice & Remedies Code.

**PRAYER**

WHEREFORE, Citibank prays the Court grant its Special Appearance and dismiss all claims against it. Subject to its Special Appearance, Citibank prays the Court deny Capital Title's Petition and enter judgment in favor of Citibank, and grant Citibank such other and further relief as the Court deems just and proper.



Copy from re:SearchTX

Respectfully submitted,

**HOLLAND & KNIGHT LLP**

By: */s/ Brandon L. King*
Brandon L. King
Texas Bar No. 24100613
brandon.king@hklaw.com
98 San Jacinto Boulevard
Suite 1900
(512) 469-6126 (telephone)
(214) 472-7473 (facsimile)

**ATTORNEY FOR CITIBANK N.A.**



Copy from re:SearchTX

**VERIFICATION**

My name is John Carter Armstrong. My date of birth is May 15, 1982, and my business address is 1000 N. West Street, Wilmington, Delaware, 1981. I declare under penalty of perjury that to the best of my knowledge and understanding as of the date on which I am executing this verification, the factual statements in Citibank's Verified Special Appearance are true and correct.

Executed in Baltimore City, State of Maryland, on the 31st day of March, 2026.

*John Carter Armstrong*___________
John Carter Armstrong



Copy from re:SearchTX

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing document has been served pursuant to the Texas Rules of Civil Procedure upon all counsel of record this 31st day of March, 2026.

*/s/ Brandon L. King*
Brandon L. King



Copy from re:SearchTX

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Brandon King on behalf of Brandon King
Bar No. 24100613
brandon.king@hklaw.com
Envelope ID: 113108327
Filing Code Description: Answer/Response
Filing Description: CITIBANK'S SPECIAL APPEARANCE AND SUBJECT THERETO ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES
Status as of 4/1/2026 8:01 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Michael Keller | | mike@kellerfirm.com | 3/31/2026 7:58:46 PM | SENT |
| J'aime George | | jaime@kellerfirm.com | 3/31/2026 7:58:46 PM | SENT |
| Peter Reid | | pete@petereidlaw.com | 3/31/2026 7:58:46 PM | SENT |
| Joseph Kimball | | jkimball@ctot.com | 3/31/2026 7:58:46 PM | SENT |
| Victoria Feather | | vfeather@ctot.com | 3/31/2026 7:58:46 PM | SENT |
| Susan Piland | | spiland@ctot.com | 3/31/2026 7:58:46 PM | SENT |
| Deborah Young | | deborah@kellerfirm.com | 3/31/2026 7:58:46 PM | SENT |
| Charisse Castagnoli | | ccastagnoli@vilyalaw.com | 3/31/2026 7:58:46 PM | SENT |
| Lisa Bell | | 33coordinator@gmail.com | 3/31/2026 7:58:46 PM | SENT |
| Lauren Valkenaar | | lvalkenaar@valkenaarlaw.com | 3/31/2026 7:58:46 PM | SENT |
| Brandon King | | brandon.king@hklaw.com | 3/31/2026 7:58:46 PM | SENT |

Copy from re:SearchTX

# Ex. A-9

Filed for Record
04/15/2026 11:02:42 AM
By
Markert, Desirae
Office of
Llano
District Clerk

**CAUSE NO. 22697**

| | | |
|---|---|---|
| **LOAN RANGER CAPITAL INVESTMENTS REIT, LLC,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff*, | § | |
| **v.** | § | |
| | § | **LLANO COUNTY, TEXAS** |
| **CAPITAL TITLE OF TEXAS, LLC, DEAN PORTER AND VICKI A. PORTER,** | § | |
| | § | |
| | § | |
| *Defendants*. | § | **33rd JUDICIAL DISTRICT** |

**ORDER GRANTING CITIBANK N.A. AND CAPITAL TITLE OF TEXAS, LLC'S AGREED MOTION TO SEVER**

Before the Court is Third-Party Plaintiff Capital Title of Texas, LLC ("Capital Title") and Third-Party Defendant Citibank N.A.'s ("Citibank") Agreed Motion to Sever all of Capital Title's claims and causes of action against Citibank in this case into a separate proceeding. Having reviewed the motion, the Court is of the opinion that the motion should be granted. As such, the Court **GRANTS** the motion and **ORDERS** that all of Capital Title's claims and causes of action against Citibank be severed into a new, separate lawsuit.

The Court **ORDERS** the clerk to assign a new cause number to the severed cause.

**SO ORDERED**.

Date: 4/13/26

LB
HONORABLE JUDGE PRESIDING

CERTIFIED COPY CERTIFICATE
STATE OF TEXAS, COUNTY OF LLANO
I, Ashley Inge District Clerk of Llano County, Texas, do hereby certify that this is a true & correct copy as same appears of record in my office. Witness my hand and seal of office on,

Ashley Inge
District Clerk

04/21/2026
/s/ ASHLEY INGE

Copy from re:SearchTX

AGREED AS TO FORM AND SUBSTANCE:

**HOLLAND & KNIGHT LLP**

By: *<u>/s/ Brandon L. King</u>*
Brandon L. King
Texas Bar No. 24100613
brandon.king@hklaw.com
98 San Jacinto Boulevard
Suite 1900
Austin, Texas 78701
(214) 964-9500 (telephone)

**ATTORNEYS FOR CITIBANK N.A.**

**THE KELLER FIRM**

By: *<u>/s/ Deborah Young (with permission)</u>*
Michael E. Keller
Texas Bar No. 24087837
Deborah Young
Texas Bar No. 24116772
5440 Harvest Hill Road, Suite 214
Dallas, Texas 75239
(214) 755-0817
mike@kellerfirm.com
deborah@kellerfirm.com

**ATTORNEYS FOR CAPITAL TITLE OF TEXAS LLC**

Copy from re:SearchTX

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Elisabeth Villarreal on behalf of Brandon King
Bar No. 24100613
Elisabeth.Villarreal@hklaw.com
Envelope ID: 112733197
Filing Code Description: Motion (No Fee)
Filing Description: Agreed Motion to Sever
Status as of 3/24/2026 3:29 PM CST

Case Contacts

| **Name** | **BarNumber** | **Email** | **TimestampSubmitted** | **Status** |
|---|---|---|---|---|
| Michael Keller | | mike@kellerfirm.com | 3/23/2026 11:37:30 AM | SENT |
| J'aime George | | jaime@kellerfirm.com | 3/23/2026 11:37:30 AM | SENT |
| Peter Reid | | pete@petereidlaw.com | 3/23/2026 11:37:30 AM | SENT |
| Joseph Kimball | | jkimball@ctot.com | 3/23/2026 11:37:30 AM | SENT |
| Victoria Feather | | vfeather@ctot.com | 3/23/2026 11:37:30 AM | SENT |
| Susan Piland | | spiland@ctot.com | 3/23/2026 11:37:30 AM | SENT |
| Deborah Young | | deborah@kellerfirm.com | 3/23/2026 11:37:30 AM | SENT |
| Charisse Castagnoli | | ccastagnoli@vilyalaw.com | 3/23/2026 11:37:30 AM | SENT |
| Lisa Bell | | 33coordinator@gmail.com | 3/23/2026 11:37:30 AM | SENT |
| Lauren Valkenaar | | lvalkenaar@valkenaarlaw.com | 3/23/2026 11:37:30 AM | SENT |
| Brandon King | | brandon.king@hklaw.com | 3/23/2026 11:37:30 AM | SENT |

Copy from re:SearchTX