**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **CAPITAL TITLE OF TEXAS, LLC,**<br>***Plaintiff***<br>**v.**<br>**CITIBANK, N.A.,**<br>***Defendant*** | **CIVIL ACTION NO. 1:26-1235-RP** |

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Capital Title of Texas, LLC ("Capital Title") and files this Response to Defendant Citibank, N.A.'s Motion to Dismiss for Lack of Personal Jurisdiction. The motion should be denied because Citibank waived its personal-jurisdiction defense before removal. Eight days before filing its special appearance, Citibank joined an unconditional motion asking the Texas court to sever every claim against Citibank into a new lawsuit and direct the clerk to assign that action a new cause number. That request invoked the state court's authority on a non-jurisdictional matter, recognized the claims as properly pending, and sought affirmative relief inconsistent with a later assertion that the court lacked authority over Citibank.

## I. INTRODUCTION

1. The dispositive sequence is straightforward. On March 23, 2026, Citibank and Capital Title jointly filed an Agreed Motion to Sever [1] under Texas Rule of Civil Procedure 41. The motion represented that all of Capital Title's claims against Citibank

[1] See ECF No 1. Exhibit A-7

"should be severed" from the original action, explained why judicial action was warranted, and asked the court to grant severance and direct the clerk to assign the resulting action a new cause number. Citibank did not reserve a jurisdictional objection or condition its request on a favorable jurisdictional ruling.

2. Citibank first challenged personal jurisdiction on March 31, 2026 [2]—after it had asked the state court to exercise judicial authority over the claims against it and create a separate case for their adjudication. Texas Rule of Civil Procedure 120a required Citibank to file its special appearance before any other plea, pleading, or motion. And under the Texas Supreme Court's governing test, a defendant generally appears when it invokes the court's judgment on a non-jurisdictional question, recognizes the action as properly pending, or seeks affirmative judicial action. Citibank's agreed severance motion satisfies each formulation.

3. Removal did not revive the defense. Texas law governs whether Citibank's pre-removal conduct waived personal jurisdiction, because Texas procedure controlled before removal. The Court took the case in the posture in which it arrived, including any defense Citibank had already lost. The Court should therefore deny Citibank's Rule 12(b)(2) motion without reaching minimum contacts.

## II. BACKGROUND

4. This dispute arose after funds paid in connection with a Texas real-estate transaction were diverted by a fraudster. The original state-court action included Loan Ranger Capital Investments REIT, LLC, Capital Title, Dean and Vicki Porter, and later

[2] See ECF No. 1 Exhibit A-8

Citibank. After the other disputes were resolved or separated, claims remained between Capital Title and Citibank.

5. Before challenging personal jurisdiction, Citibank participated in three relevant state-court events. First, on February 13, 2026, it agreed to Capital Title's motion to continue the trial setting [3] so Citibank could appear and the parties could conduct discovery. Second, on February 19, 2026, Citibank filed a waiver of service[4] in which its counsel stated that Citibank had authorized him to accept service and that he entered an appearance as Citibank's attorney of record. Third—and most importantly—on March 23, 2026, Citibank joined Capital Title in filing the Agreed Motion to Sever[5].

6. The severance motion was not merely an agreement between counsel or a notice that required no judicial action. It invoked Texas Rule of Civil Procedure 41 [6], stated that severance would be "more efficient for the Court and the parties."(emphasis added). The motion concluded: "Capital Title and Citibank respectfully request that the Court grant this agreed motion to sever and order the clerk to assign a new cause number to the severed action." Citibank's counsel signed the motion; Capital Title's counsel signed with permission [7].

7. Citibank filed its verified special appearance on March 31, 2026. The case was later removed to this Court. Citibank now seeks dismissal under Rule 12(b)(2) [8], but its state-court waiver preceded both its special appearance and removal.

---

[3] See ECF No. 1 Exhibit A-4
[4] See ECF No. 1 Exhibit A-5
[5] See ECF No. 1 Exhibit A-7
[6] Id.
[7] Id.
[8] See ECF No. 15

## III. ARGUMENT

***A. Texas law determines whether Citibank waived personal jurisdiction before removal***

8. A federal court takes a removed case "up where the State court left it." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70*, 415 U.S. 423, 436 (1974). Accordingly, whether a defendant's conduct before removal waived personal jurisdiction is determined under the procedural law that governed that conduct.

9. *See Alliantgroup, L.P. v. Feingold, No. CIV.A.H-09-0479, 2009 WL 1109093, at *5 (S.D. Tex. Apr. 24, 2009)* (applying Texas law to pre-removal conduct because state rules controlled until removal). A defendant may assert after removal only those defenses that remained available in state court and had not already been lost. *Id*.

10. Citibank's waiver therefore is not a federal forfeiture theory based on removal itself. Capital Title does not contend that removal constituted a general appearance. The point is that Citibank had already invoked the state court's authority and waived its jurisdictional objection before it removed. Rule 12(b)(2) did not restore a defense no longer available when the federal court acquired the case.

***B. Rule 120a and the Texas general appearance test govern Citibank's conduct***

11. Texas Rule of Civil Procedure 120a requires a special appearance to be filed "prior to [a] motion to transfer venue or any other plea, pleading or motion." Tex. R. Civ. P. 120a(1). "Every appearance, prior to judgment, not in compliance with this rule is a general appearance." *Id*. This sequencing requirement is commonly called the due-order-of-pleading requirement. *Exito Elecs. Co. v. Trejo*, 142 S.W.3d 302, 305 (Tex. 2004).

12. Texas courts do not apply the rule by looking only at the label placed on a filing. The controlling inquiry is whether the defendant (1) invoked the court's judgment on a question other than jurisdiction, (2) recognized by its acts that the action was properly pending, or (3) sought affirmative action from the court. *Dawson-Austin v. Austin*, 968 S.W.2d 319, 322–23 (Tex. 1998); *Exito*, 142 S.W.3d at 304. Put another way, the court asks whether the defendant requested affirmative relief inconsistent with the assertion that the court lacks jurisdiction. *Dawson-Austin*, 968 S.W.2d at 323.

13. *Exito* illustrates the line. There, a pre-special-appearance Rule 11 agreement extending the answer deadline did not waive jurisdiction because the agreement did not request court action, address the merits, or recognize that the case was properly pending. 142 S.W.3d at 305–06. The Texas Supreme Court nevertheless reaffirmed that conduct seeking affirmative judicial action or invoking judgment on a non-jurisdictional matter constitutes a general appearance. *Id*. at 304–06.

***C. Citibank generally appeared by unconditionally asking the state court to sever the claims against it***

14. Citibank's Agreed Motion to Sever falls on the waiver side of *Exito's* line. Unlike a private deadline agreement, the motion could accomplish nothing without a judicial ruling. It asked the court to apply Texas Rule of Civil Procedure 41[9], determine that all claims against Citibank belonged in a separate action, enter a severance order, and direct the clerk to create a new case. Those requests invoked the court's judgment on a non-jurisdictional question and sought affirmative judicial action.

15. The request also was inconsistent with Citibank's later position. Citibank affirmatively represented that Capital Title's claims against it "should be severed" into a

[9] See ECF 1 Exhibit A-7

separate proceeding and asked the state court to create that proceeding. Citibank's representation that severance would be more efficient for the Court and the parties further confirms that it was not merely memorializing a private agreement. Citibank asked the court to exercise its Rule 41 authority to restructure the litigation in a manner Citibank represented would benefit the court's administration of the case. It did not state that the court should sever the claims only if Citibank's jurisdictional challenge succeeded. Indeed, no jurisdictional challenge was then pending. By asking the court to restructure the lawsuit first and disputing the court's authority over Citibank eight days later, Citibank failed to preserve the sequence Texas Rule of Civil Procedure 120a requires.

16. *Abshire v. Pannell* confirms the significance of those facts. No. 01-19-00710-CV, 2020 WL 3820912, at *4–5 (Tex. App.—Houston [1st Dist.] July 7, 2020, pet. denied) (mem. op.). *Abshire* rejected a waiver argument involving severance because the defendants had already filed special appearances, did not agree to the substance of the opposing parties' severance request, and requested severance only conditionally—if the court first sustained their special appearances. *Id*. The court concluded that the defendants had not sought affirmative relief inconsistent with their jurisdictional position. *Id*.

17. Citibank did the opposite at every relevant point. It had not filed a special appearance. It expressly agreed that the claims against it should be severed. And it unconditionally requested an order creating the severed action. *Abshire*'s reasoning thus supports waiver here: the protections that avoided waiver there—prior preservation, nonagreement, and an express jurisdictional condition—are all absent.

18. Citibank may characterize severance as neutral case management, but its motion did not merely ask the court to defer action. Compare *Horizon Shipbuilding, Inc. v. BLyn II Holding, LLC*, 324 S.W.3d 840, 848–51 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (joint continuance motions did not waive special appearances). A continuance ordinarily asks the court not to reach the merits yet. Citibank's severance motion affirmatively asked the court to exercise its Rule 41 authority over the claims against Citibank and create a separate judicial proceeding [10]. Nor was severance necessary to adjudicate a jurisdictional objection; none had been filed. The requested relief was independent of and antecedent to Citibank's later challenge.

19. The fact that Capital Title joined the motion does not insulate Citibank. The relevant question is what Citibank asked the court to do, not whether another party wanted the same relief. Citibank signed a motion that affirmatively and unconditionally requested judicial action concerning the claims against it. That conduct meets Rule 120a's due-order requirement and the substantive *Dawson-Austin* test.

***D. Citibank's remaining pre-special-appearance conduct reinforces the waiver shown by the severance motion***

20. Capital Title does not rely on the agreed continuance as an independent basis for waiver. Texas cases recognize that a continuance, standing alone, may be compatible with a jurisdictional objection. *See Dawson-Austin*, 968 S.W.2d at 323; *Horizon Shipbuilding*, 324 S.W.3d at 848–51. Nor is this response premised solely on counsel's use of the word "appearance" in Citibank's waiver of service.

21. Those events nevertheless supply context. Citibank agreed that the case should be continued so it could appear and the parties could conduct discovery; its

[10] See ECF No. 1 Exhibit A-7

counsel then filed a notarized waiver accepting service and entering an appearance as attorney of record[11]; and Citibank finally joined an unconditional request for the court to sever the claims against it into a new action. The severance motion itself establishes the general appearance. The preceding conduct confirms that the motion was part of Citibank's participation in the pending action, not an act undertaken to preserve or obtain a ruling on jurisdiction.

## IV. CONCLUSION

Before contesting personal jurisdiction, Citibank affirmatively asked the Texas court to exercise judicial authority over the claims against it and create a separate lawsuit for those claims. Texas law treats that request as a general appearance, and removal did not revive the waived defense. Capital Title respectfully requests that the Court deny Citibank's Rule 12(b)(2) motion and grant all further relief to which Capital Title is entitled.

Respectfully submitted,

**THE KELLER FIRM**



Michael E. Keller
State Bar No. 24087837
5440 Harvest Hill Road
Suite 214
Dallas, Texas 75239
Phone: (214) 775-0817
Email: mike@kellerfirm.com

**ATTORNEYS FOR PLAINTIFF**
**CAPITAL TITLE OF TEXAS LLC**

[11] See ECF No. 1 Exhibit A-5

## CERTIFICATE OF SERVICE

I certify that on September 22nd, 2026, a true and correct copy of this response was served on all counsel of record through the Court's CM/ECF system.

Michael E. Keller