**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **CAPITAL TITLE OF TEXAS, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 26-1235** |
| | § | |
| **CITIBANK, N.A.,** | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT CITIBANK, N.A.'S REPLY IN SUPPORT OF MOTION TO DISMISS**

Defendant Citibank, N.A. ("**Citibank**") files this Reply in support of its Motion to Dismiss ("**Motion**") [ECF No. 15] Plaintiff Capital Title of Texas, LLC's ("**Plaintiff**" or "**Capital Title**") Complaint.

## SUMMARY OF ARGUMENT

This is now a case of abandonment. Citibank's Motion presented three independent grounds for dismissal: lack of personal jurisdiction under Rule 12(b)(2), preemption of Capital Title's common-law claims by UCC Article 4A, and failure to state a claim under Rule 12(b)(6). Capital Title's response addresses only personal jurisdiction, and only on the narrow theory that Citibank waived the defense by joining an agreed severance motion. Capital Title does not address preemption or defend any of its seven causes of action on the merits. And its waiver theory is wrong because the test for a general appearance is whether the defendant sought affirmative relief "inconsistent" with a jurisdictional challenge, and a procedural, agreed severance filed *to* enable removal is not that. The Complaint should be dismissed.

### A. Capital Title has abandoned its claims and arguments.

"A plaintiff abandons a claim when [the plaintiff] does not respond to a dispositive motion's arguments attacking it." *HLT Props, LLC v. Evanston Ins. Co.*, 388 F. Supp. 3d 718, 737 (W.D. Tex. 2019) (Pitman, J.) (citing *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006); *Parga v. ADT Sec. Servs.*, No. EP-15-CV-9-DB, 2016 WL 8919154, at *5 (W.D. Tex. Marc. 22, 2016)); *McClelland v. Katy Indep. Sch. Dist.*, 63 F.4th 996, 1010 (5th Cir. 2023) ("This circuit's well-settled precedent instructs that a party abandons a claim by failing to defend it in response to motions to dismiss and other dispositive pleadings.") (collecting cases).

Capital Title asserted seven causes of action against Citibank: (1) violation of UCC Article 4A; (2) negligence; (3) conversion; (4) bailment; (5) money had and received; (6) unjust enrichment; and (7) declaratory judgment. *See* ECF No. 1, Ex. A-6 ¶¶ 27–52.

Citibank moved to dismiss these claims on multiple independent grounds: Under Rule 12(b)(2), Citibank argued that Capital Title failed to allege facts sufficient to establish either general or specific personal jurisdiction. ECF No. 15 at 4–8. Under Rule 12(b)(6), Citibank argued that Capital Title's common-law claims are preempted under Article 4A of the UCC, *see id.* at 8–12, and that, independent of preemption, each claim failed substantively, *see id.* at 12–20.

Capital Title's Response, however, is devoted exclusively to one argument: that Citibank waived its personal-jurisdiction defense by joining an Agreed Motion to Sever before filing its special appearance. *See generally* ECF No. 16. That is, Capital Title responded to only one of Citibank's three independent grounds for dismissal (personal jurisdiction) and said nothing about the other two. Notably, Capital Title does not contest Citibank's showing on minimum contacts and expressly asks the Court to resolve the Rule 12(b)(2) motion "without reaching" that issue. ECF No. 16 at 2. It offered no response to Citibank's preemption showing nor did it contest any of

Citibank's independent merits arguments—that Article 4A does not provide the relief sought, that Citibank owes no duty to a non-customer, that the funds were not delivered for safekeeping, that no bailment relationship was formed, that Citibank returned the principal and no longer holds money belonging to Capital Title, that unjust enrichment is not an independent cause of action under Texas law, or that the declaratory-judgment claim is redundant. Every merits-based argument in the Motion is left unanswered.

Under this Court's precedent (and Fifth Circuit precedent), each argument Capital Title failed to address is abandoned, and each claim supported only by abandoned arguments should be dismissed. Even if the Court were to deny Citibank's Rule 12(b)(2) motion, Capital Title's claims would still require dismissal with prejudice on the unchallenged Rule 12(b)(6) grounds.

**B. Citibank did not waive its personal jurisdiction challenge.**

Capital Title contends that Citibank waived its personal jurisdiction challenge, pointing primarily to an *agreed* severance the parties jointly filed in state court. ECF No. 16 at 7. Capital Title's argument is legally flawed and premised on factual assumptions about Citibank's motives for seeking severance that lack record support. Citibank's personal jurisdiction challenge is not only preserved, but also substantively meritorious, which Capital Title does not dispute. The Court should dismiss this action pursuant to Rule 12(b)(2).

A defendant may waive a personal jurisdiction challenge if it took "action in the state court that under state law would waive that right." *Pena v. Waypoint Maine, Inc.*, No. 2:22-CV-00228, 2023 WL 2226817, at *2 (S.D. Tex. Jan. 25, 2023) (quoting *Plantbikes, LLC v. Bike Nation, Inc.*, No. 2:13-CV-108, 2013 WL 3753949, at *3 (S.D. Tex. July 15, 2013)), *report and recommendation adopted*, 2023 WL 2226807 (S.D. Tex. Feb. 24, 2023). In this context, state law determines waiver. *Id.* Under Texas law, a party may file a special appearance to object to a state court's exercise of

personal jurisdiction. *See* TEX. R. CIV. P. 120a. Under Rule 120a, "[e]very appearance, prior to judgment, not in compliance with this rule is a general appearance." *Exito Elecs. Co., Ltd. v. Trejo*, 142 S.W.3d 302, 304 (Tex. 2004).

While a prior general appearance may waive a party's right to later specially appear, a party makes a general appearance only if it: "(1) invokes the judgment of the court on any question other than the court's jurisdiction, (2) recognizes by its acts that an action is properly pending, or (3) seeks affirmative action from the court." *Id.* "Affirmative action" is that which is "inconsistent with [the] assertion that" the court lacks jurisdiction. *Id.* at 305 (citation omitted).

None of the actions identified by Capital Title—an agreed severance, waiver of service, and joint continuance—constitute a general appearance. Waiving service, for example, has nothing to do with consenting to personal jurisdiction—it is a ministerial acknowledgment, not an invocation of the court's authority. *See* TEX. R. CIV. P. 119. The same is true of the agreed continuance. *Horizon Shipbuilding, Inc. v. Blyn II Holding, LLC*, 324 S.W.3d 840, 846 (Tex. App.—Houston [14th Dist.] 2010, no pet.) ("Joint Motions for Continuance do not Waive a Special Appearance"). These are precisely the sort of procedural filings that do not cross the general-appearance line. *See Dawson-Austin v. Austin*, 968 S.W.2d 319, 323 (Tex. 1998) (motion asking court "to defer action on all matters" did not constitute a general appearance); *Exchequer Fin. Grp., Inc. v. Stratum Dev., Inc.*, 239 S.W.3d 899, 905 (Tex. App.—Dallas 2007, no pet.) (signing an order approved "as to form only" on another defendant's motion requesting plea in abatement did not constitute a general appearance). Cases going the other way are illustrative; courts have, for example, found waiver where a defendant seeks to compel discovery on the merits, *see Nationwide Dist. Servs., Inc. v. Jones*, 496 S.W.3d 221, 226 (Tex. App.—Houston [1st Dist.] 2016,

no pet.), or sought a dismissal on the merits, *see Klingenschmitt v. Weinstein*, 342 S.W.3d 131, 134 (Tex. App.—Dallas 2011, no pet.) ("Inconsistent with his special appearance, in his motion to dismiss and motion for reconsideration of the motion to dismiss, Klingenschmitt sought affirmative relief from the trial court in the form of a dismissal with prejudice of the Weinsteins' claims against him. A dismissal with prejudice is an adjudication on the merits."); *see* ECF No. 15 at 4 & n.3.

The agreed severance—the thrust of Capital Title's argument—falls squarely on the non-waiver side of this line: It did not adjudicate any claim, resolve any substantive dispute, or rule on the sufficiency of any cause of action. Rather, both parties *jointly* requested that the court sever Capital Title's claims against Citibank into a separate proceeding, a simple procedural reconfiguration entirely consistent with Citibank's jurisdictional challenge.

To be sure, Citibank has never taken any action inconsistent with the notion that a Texas court (whether state or federal), lacks personal jurisdiction over it. Indeed, Citibank never sought relief inconsistent with its jurisdictional challenge, the lynchpin of the entire waiver analysis. *Exito*, 142 S.W.3d at 305. The waiver of service did not ask the Court to do anything, and the agreed continuance and severance addressed non-substantive procedural issues unmoored from the merits of the case. Above all, the agreed severance was the only mechanism by which Citibank, as a third-party defendant, could obtain removal rights under 28 U.S.C. § 1441(a). *See Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 444 (2019); ECF No. 1, ¶¶ 15–18. Accepting Capital Title's argument would force third-party defendants to choose between preserving a jurisdictional defense and exercising the right to remove. Filing a motion to sever before removal does not waive the right to remove because it does not seek "an adjudication on the merits." *See Albino v. Charts Ins. Co.*,

No. 4:11-CV-02892, 2011 WL 4479090, at *2–3 (S.D. Tex. Sept. 26, 2011) ("[T]he right to removal is not lost by participating in state court proceedings short of seeking an adjudication on the merits." (citation and internal quotations omitted)). If severance does not waive the lesser right of removal, it cannot waive the greater constitutional right to challenge personal jurisdiction.

Finally, Capital Title cites *Abshire v. Pannell*, No. 01-19-00710-CV, 2020 WL 3820912 (Tex. App.—Houston [1st Dist.] July 7, 2020, pet. denied), but *Abshire* found no waiver, holding that the defendants "did not seek any affirmative relief that was inconsistent with their assertion that the trial court lacked jurisdiction[.]" *Id.* at *5. Capital Title attempts to distinguish *Abshire* on the ground that those defendants had filed their special appearance first and conditioned severance on a favorable ruling, but those distinctions go to the *sequence* of filings, not the *substance* of the relief sought, and *Exito Electronics* holds that the substantive test controls. *See* 142 S.W.3d at 305.

## CONCLUSION

The Complaint should be dismissed for lack of personal jurisdiction under Rule 12(b)(2) or dismissed with prejudice under Rule 12(b)(6) because Plaintiff's claims are abandoned, preempted, or otherwise fail to state a claim to relief.

Dated: September 29, 2026

Respectfully submitted,

HOLLAND & KNIGHT LLP

By: */s/ Brandon L. King*

Brandon L. King
brandon.king@hklaw.com
Texas Bar. No. 24100613
98 San Jacinto Blvd., Suite 1900
Austin, Texas 78701
(512) 469-6126 Telephone
(512) 472-7473 Facsimile

***Attorney for Defendant***

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was provided to all counsel of record via the Court's CM/ECF system on September 29, 2026.

*/s/ Brandon L. King*
Brandon L. King